IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

SUSAN M. REDING                                                                                          PLAINTIFF

vs.                                            Civil No. 3:10-cv-03096

MICHAEL J. ASTRUE                                                                                    DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Susan M. Reding ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for Disability Insurance Benefits ("DIB"), Supplemental Security Income ("SSI"), and a period of disability under Titles II and XVI of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 6.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1.     **Background:**

Plaintiff protectively filed applications for DIB and SSI on January 9, 2008. (Tr. 9, 135-146). In these applications, Plaintiff alleged she was disabled due to cubital tunnel syndrome, carpal tunnel syndrome, migraines, and depression. (Tr. 182). Plaintiff alleged an onset date of October 30, 2007. (Tr. 9, 135, 139). These applications were denied initially and again upon reconsideration. (Tr. 83-86).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____" The transcript pages for this case are referenced by the designation "Tr."

1

Thereafter, Plaintiff requested an administrative hearing on her applications, and this hearing request was granted. (Tr. 110-112). An administrative hearing was held on September 10, 2009 in Harrison, Arkansas. *Id.* Plaintiff was present and was represented by counsel, Frederick Spencer, at this hearing. *Id.* Plaintiff, Plaintiff's mother, and Vocational Expert ("VE") Dale Thomas testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c) (2008), and had completed high school. (Tr. 41).

On February 26, 2010, the ALJ entered an unfavorable decision denying Plaintiff's applications. (Tr. 9-18). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2012. (Tr. 11, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since October 30, 2007, her alleged onset date. (Tr. 11, Finding 2). The ALJ determined Plaintiff had the following severe impairments: status post left carpal tunnel release, status post left cubital release, and major depressive disorder. (Tr. 11-12, Finding 3). The ALJ also determined none of Plaintiff's impairments met the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 12-13, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 13-16). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible. *Id.* Second, the ALJ determined, based upon his review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, that Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except she cannot perform rapid repetitive movements or flexion/extension of the bilateral wrists. She cannot perform rapid repetitive fingering, grasping, or handling with bilateral hands. She cannot perform rapid repetitive reaching bilaterally with the arms. She cannot do sustained driving. She cannot climb

>scaffolds, ladders, or ropes. She must avoid unprotected heights and dangerous equipment. From a mental standpoint, she can perform routine, repetitive work in which superficial contact is incidental to work with the public and co-workers. Such work must have non-complex, simple instructions and must be learned and performed by rote, with few variables and little judgment required. Supervision required for such work must be concrete, direct, and specific.

(Tr. 13-16, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 17, Finding 6). Based upon her RFC, the ALJ found Plaintiff was unable to perform her PRW. *Id.* The ALJ also determined, however, that there was other work Plaintiff could perform in the national economy, considering her age, education, work experience, and RFC. (Tr. 17-18, Finding 10). The ALJ based this finding upon the testimony of the VE. *Id.* The VE testified, considering all Plaintiff's vocational factors, a hypothetical person would be able to perform the requirements of representative occupations such as a laundry worker, maid, or housekeeper with 2,500 such jobs existing in Arkansas and 280,000 such jobs existing in the national economy. (Tr. 17). Based upon this testimony, the ALJ determined Plaintiff had not been under a disability as defined by the Act from October 30, 2007, her alleged onset date, until February 26, 2010, the ALJ's decision date. (Tr. 18, Finding 11).

Thereafter, Plaintiff requested that the Appeals Council review the ALJ's unfavorable decision. (Tr. 4-8). *See* 20 C.F.R. § 404.968. On September 9, 2010, the Appeals Council declined to review this unfavorable decision. (Tr. 1-3). On October 19, 2010, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on February 16, 2011. ECF No. 6. Both Parties have filed appeal briefs. ECF Nos. 8-9. This case is now ready for decision.

**2.     Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2006);

*Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the

claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the following: (1) the ALJ erred by failing to find her headaches were a severe impairment; (2) the ALJ erred by failing to follow the requirements of *Polaski*; and (3) the ALJ erred by dismissing the report of Dr. Vann Smith. ECF No. 8 at 10-20. Because this Court finds the ALJ erred by determining Plaintiff's migraines were non-severe, this Court will only address Plaintiff's first argument for reversal.

A claimant suffers from a severe impairment if that impairment is more than slight and if that impairment affects the claimant's ability to do his or her basic work activities. *See Householder v. Bowen,* 861 F.2d 191, 192 n.1 (8th Cir. 1988). The Supreme Court has also held that a claimant does not suffer from a severe impairment where the claimant only suffers from "*slight abnormalities* that do not significantly limit any 'basic work activity.'" *See Bowen v. Yuckert,* 482 U.S. 137, 155 (1987) (O'Connor, S., concurring) (emphasis added); *see also Brown v. Bowen,* 827 F.2d 311, 311-12 (8th Cir. 1987) (adopting Justice O'Connor's language from *Bowen v. Yuckert*).

Furthermore, the standard for determining whether a claimant suffers from a severe impairment

is a low or *de minimis* standard. *See Nicola v. Astrue,* 480 F.3d 885, 887 (8th Cir. 2007) (reversing the decision of the ALJ and holding that a diagnosis of borderline intellectual functioning should have been considered severe because that diagnosis was supported by sufficient medical evidence). If the ALJ errs by finding a severe impairment is not severe, the ALJ's disability determination must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

In the present action, Plaintiff claims she is disabled due to migraine headaches. (Tr. 182). The ALJ, however, found Plaintiff only suffered from the following severe impairments: status post left carpal tunnel release, status post left cubital release, and major depressive disorder. (Tr. 11-12, Finding 3). In making this finding, the ALJ determined Plaintiff's migraines were non-severe and did not meet the low or *de minimis* standard as articulated by the Eighth Circuit and the U.S. Supreme Court. The ALJ based this determination upon the fact that Plaintiff suffered from severe headaches *before* her alleged onset date, and she was still able to work. *Id.* The ALJ reasoned: "[t]he fact that her headaches did not prevent her from working at that time strongly suggests that they would not currently prevent work." (Tr. 12).

In making this finding, the ALJ ignores the fact that a disability is not limited to *one* impairment precluding a person from performing substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A disability may result from a combination of impairments causing an individual to be disabled. Accordingly, this determination was in error. While this impairment may not necessarily be disabling standing alone*,* the medical evidence demonstrates Plaintiff's headaches could be disabling in combination with other impairments. Further, these headaches certainly cause more than *slight abnormalities,* which is all that is required for an impairment to be considered "severe."

6

Indeed, Plaintiff's medical records demonstrate she has a long history of treatment for her migraine headaches. (Tr. 447-493). Those treatment records date back to 1989. *Id.* Plaintiff's more recent medical records also reflect that she suffers from severe headaches. (Tr. 407, 410). On February 23, 2006, Plaintiff reported the severity of her headaches was worsening, and on April 18, 2006, she also reported suffering from "about 2 headaches a week." *Id.* Accordingly, her headaches at least qualify as more than a *slight abnormality*. Because the ALJ should have found Plaintiff's headaches were a severe impairment, this case must be reversed and remanded. *See Nicola,* 480 F.3d at 887.

**4.     Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 26th day of October, 2011.**

/s/   Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE